BILES ET AL., APPELLEES, *v.* LOUDERMILK, APPELLANT.

(No. 580—Decided November 5, 1960.)

*Messrs. Frayne, Balzer & Warren,* for appellees.
*Mr. Thomas E. Hackett* and *Mrs. Adelaide Seip,* for appellant.

*Per Curiam.* This is an appeal on questions of law from a judgment rendered in favor of the plaintiffs, appellees herein, by the Municipal Court of Springfield.

Plaintiffs' amended petition consisted of two causes of action. The first cause of action alleged a breach of contract. The second cause of action sounded in tort. In the first cause of action plaintiffs allege that they rented a portion of defendant's (the appellant herein) residence under the promise of the defendant to make repairs. Plaintiffs' evidence tended to prove that the defendant agreed to put on a new roof, to build new chimneys and recrown the chimneys, and that this promise was renewed by the defendant every month when the rent was paid. Plaintiffs further allege that the defendant failed to make the repairs and that as a consequence plaintiffs' clothing and household goods were damaged by fire. In the second cause of action plaintiffs charge the defendant with negligence in permitting the property to be in a bad state of repair and that the fire damage was caused as a proximate result of defendant's negligence. The answer is in the nature of a general denial.

The evidence shows that the defendant retained possession of two rooms on the first floor and that on October 12, 1956, in the evening at about 9:30 the roof of the residence burned

and dropped into the second floor causing damage to plaintiffs' possessions. The evidence tends to show that the defendant had started the fire in the stove in his part of the house; that he used wood kindling and paper; that the chimney on his side of the house was in a bad state of repair; and that, when first observed, the fire was on the roof around or near the chimney which served the defendant's part of the house. The Chief of the Fire Division, who had been employed for many years as such and who had investigated many fires, arrived on the scene shortly after the alarm was given and caused an investigation to be made. As shown by the bill of exceptions, he was questioned as to the cause of the fire, and in his answer he testified as follows:

"Q. Now, from your experience with the fire department did you determine the cause of this fire? A. In my opinion it was from sparks on the roof. The chimney had burned out and caused sparks to ignite the wooden shingles and these in turn fell down and allowed the fire to communicate to the attic. The type of weather was conducive to fast burning fire on a wooden shingled roof.

"Q. When you speak of type of weather what type do you mean? A. It was comparatively dry that particular day."

He testified further as follows:

"Q. Would you explain to the court just what happened when the chimney burns out? A. Well when a chimney is used for the smoke from either coal or oil stove vent the chimney coats up a small amount at a time and keeps building up this coal tar deposit and then when it gets thoroughly dried out and the humidity is at a certain degree why the least little fire will induce them to burn out. That means that all this deposit on the inside of the chimney takes fire and the draft sets up and it just boils out."

The trial court rendered a general finding for the plaintiff. The judgment entry does not mention either of the two causes of action, but, a few days prior to entering judgment, the court rendered a written opinion which was signed by the trial judge and filed and is a part of the record. In the written opinion, which is very concise, it is stated: "The court finds that the defendant was negligent and that such negligence

was the proximate cause of the damage sustained by the plaintiffs in the fire and that such damages amounted to $1,019.80.''

Without deciding whether the court passed on the first cause of action, it is sufficiently clear, after considering the written opinion and the judgment, that the court did pass upon the issue raised by the second cause of action.

The defendant assigns as error: The verdict and judgment are contrary to law and against the weight of the evidence.

Did the plaintiffs prove a tort liability? The residence was an old house; the shingles were wooden and due to age were curled up at the end; on the day in question the shingles were dry. There was testimony that the bricks in the chimney were out of place and that there were holes in the chimney which could be observed from the ground.

The trial judge, there being no jury, was the trier of the facts, and we cannot substitute our judgment for that of the trial court. It is our duty to sustain the judgment if the factual development supports it.

The defendant contends that it is not negligence to burn combustible material such as coal, wood and paper in a stove; that it is not negligence to have a house with wooden shingles; and, also, that there is no evidence that the fire was caused by coal tar deposits on the interior of the chimney. It is a matter of common knowledge that the interior of a chimney will become coated with coal tar by the constant use of coal, and unless it is cleaned from time to time it will become dry and is easily ignited by the use of wood or paper, and when ignited, pieces will be carried by the draft out of the chimney and settle on the roof, creating a fire hazard. The use of wood and paper in the stove to build a fire, some of which may be carried by the draft out of the chimney in a blaze, creates a fire hazard and may ignite the shingles if the shingles are old, dry, and curled up at the ends. The plaintiff is entitled to the benefit of all reasonable inferences which may be drawn from the evidence presented.

Section 1527.10 of the Fire Code of the city of Springfield provides as follows: ''All chimneys, smokestacks or similar devices for conveying smoke or hot gases to the outer air and the stoves, furnaces, fire boxes or boilers to which they are connected shall be constructed and maintained in such a manner as not to create a fire hazard.''

In our opinion a fire hazard was created. Here there is a combination of circumstances which created the hazard. It is not enough to say that there are no chimney sweepers. Many of the former fire hazards and a necessity for cleaning chimneys have been removed by modern construction. However, there are still many fire hazards, and many violations of safety regulations by well-meaning persons.

The creation of a fire hazard constitutes negligence and if this negligent act is a proximate cause of the damage, a tort liability results. In our opinion the judgment of the trial court was supported by the evidence.

We do not deem it necessary to decide or discuss other questions raised in the brief.

We find no assignment of error well made.

*Judgment affirmed.*

WISEMAN, P. J., CRAWFORD and KERNS, JJ., concur.